IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2007 JUN -4  A 11: 42

| | | |
|---|---|---|
| DEON LIONEL SMITH | : | |
| Petitioner | : | |
| v | : | Civil Action No. WDQ-07-755 |
| | | (Related Crim Case WDQ-03-213) |
| UNITED STATES OF AMERICA | : | |
| | | ECF Exempt |
| Respondent | : | |

o0o

## MEMORANDUM

On April 3, 2007, the Court issued an Order requiring Deon Lionel Smith to provide further details regarding why his Motion to Vacate should not be dismissed as time-barred. Paper No. 81 and 82. Smith has filed a response in which he explains that he is not filing a § 2255 motion, but rather is filing a petition for writ of habeas corpus pursuant to 28 U.S.C. §1651 and § 1331, as well as a motion pursuant to Rule 60(a)(b) of the Federal Rules of Civil Procedure. Paper No. 83 at p. 6. Thus, he reasons, the instant action is not untimely. *Id.*

Smith alleges his criminal conviction resulted from defective indictments, prosecutorial misconduct, ineffective assistance of counsel, involuntary guilty plea, denial of his right to appeal, and sentencing errors. Paper No. 80. Smith alleges that this Court was without jurisdiction to try him because the indictment was defective. As relief he seeks to have the judgment of this Court sentencing him to 110 months incarceration set aside. *Id.* at p. 2.

The United States Supreme Court has held that "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" and "'[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that

is controlling.'"[1] Smith's attempt to have the instant action considered as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §1651 is unavailing. The subject matter of his pleading is covered by 28 U.S.C. § 2255. Regardless of the label used in the instant motion, it is the subject and not its title which determines its status. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998). In this case, Smith is collaterally attacking the validity of his sentence. As such, the proper vehicle by which to assert this challenge is a 28 U.S.C. §2255 motion to vacate, and not the All Writs Act.

Smith's attempt to characterize this action as a Rule 60(b) motion must also fail. A motion filed under Rule 60(b) requires a showing of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Smith appears to assert that the judgment in his criminal case is void because the indictments were defective. He does not specify how the indictments are defective; rather, the allegation appears to be raised as an attempt to have all the allegations set out in his pleading analyzed under Rule 60(b), thus bypassing the pleading requirements of 28 U.S.C. § 2255. Again, it is the substance of the pleading that controls, not the label chosen by Smith.

Accordingly, the Petition will be construed as a motion to vacate, set aside or correct

---

[1] *Carlisle v. United States*, 517 U.S. 416, 428-29 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshal Service*, 474 U.S. 34, 43 (1985))

sentence under §2255. Smith was provided with an opportunity to explain why his Motion to Vacate should be considered timely. Papers No. 81 and 82. He has provided no evidence that he is entitled to an equitable tolling of the one-year limitations period. Paper No. 83. Smith was sentenced to serve 110 months imprisonment on March 12, 2004. Paper No. 52. Because no appeal was filed, his conviction became final on April 12, 2004, the last day he could have noted an appeal. In order to be timely filed, the instant Motion to Vacate should have been filed on or before April 12, 2005. The motion has been filed almost two years past that deadline and must be dismissed as untimely.

    A separate Order follows.

_6/4/07_  
Date

                                _/s/_  
                              William D. Quarles, Jr.  
                              United States District Judge